**CENTURY INSURANCE COMPANY LTD., Plaintiff-Appellee, v. FAZIO d. b. a. NEW DRUM SUPER SERVICE STATION, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22183.   Decided June 25, 1951.

Kitchen & Messner, Cleveland, for plaintiff-appellee.
Miller, Davis & Folk, Cleveland, for defendant-appellant.

**OPINION**

By SKEEL, PJ.

This appeal comes to this court on questions of law from a judgment entered for the plaintiff upon trial in the Municipal Court of Cleveland.

The plaintiff had a contract of fire insurance with one Edward Senarski insuring against loss by fire as to Senarski's automobile.

On February 13, 1947, Senarski took his automobile to the service station of the defendant. After ordering gasoline,

which was furnished by the defendant, Senarski asked to have the oil changed and the motor flushed. The car was put on the lift, the old oil drained out and a Graco Vitalizer was connected by rubber hose to the crank case and five quarts of fresh flushing oil pumped in. The motor was then started at idling speed to assist in flushing out the crank case. The inside of the motor was thus cleaned, by repeating this process as many times as necessary.

The defendant had been operating the Graco Vitalizer about ten minutes, Senarski being present and watching the work at all times when suddenly fire was discovered in the motor. Fire extinguishers were used at once, the car was lowered to ground level and pushed out of the lubritorium and by that time the fire had been extinguished.

The plaintiff by reason of its fire insurance contract paid Senarski the loss occasioned by the fire and was subrogated to his rights.

The defendant's assignments of error are as follows:

"1. The finding by the Trial Court for the plaintiff was contrary to law for the defendant bailee had rebutted the inference in favor of the plaintiff and to find for the plaintiff is to hold the bailee liable as an insurer.

2. The verdict is against the great weight of the evidence and contrary to law because the plaintiff, the bailor's assignee, offered no direct evidence of negligence on the part of the bailee and no rebuttal evidence after the bailee had explained the loss of the bailed property without negligence on his part."

The plaintiff's petition alleged that the defendant ran the motor of the Senarski car at a high rate of speed for over thirty minutes, causing the radiator to overheat and the rubber hose to break so that the alcohol escaped and ignited causing fire damage to said automobile to the extent of $279.40. The petition further alleges that the defendant was negligent in the following particulars:

1. In running the motor at a high rate of speed for a long period of time causing it to overheat, the rubber hose to the radiator to break, permitting alcohol to escape and ignite.

2. In refusing to reduce the speed of the motor at the request of the owner.

3. In failing to extinguish the fire when he could have done so.

4. In failing to exercise ordinary care for the safety of the automobile.

The defendant's answer, after admitting the ownership of the automobile, alleged that while he was flushing out the crank case, the motor took fire and some damage resulted

and denied all of the other allegations of the plaintiff's petition.

Upon trial, the plaintiff's evidence, when considered in its most favorable light in support of his case, did not support the allegations of negligence of the petition. The plaintiff's evidence established that Senarski delivered his automobile to the defendant to have the oil changed and the crank case flushed out; that the defendant drained the oil and then began to flush out the crank case with the aid of a Graco Vitalizer; that shortly after the work was started, Senarski being present during all of the time, a fire developed under the hood; that both Senarski and the defendant acted as fast as they could to put the fire out, which was accomplished before the fire department got there. There is no attempt on the part of the plaintiff to support the allegations of its petition that the defendant raced the motor, that radiator heated up and the rubber radiator connection broke because of overheating, permitting alcohol to escape and ignite.

When the plaintiff rested its case, its evidence made out, at the most, a prima facie case of the breach of the bailment contract, that is, the delivery of the automobile in good condition to the bailee and its return in a damaged condition, the damage being caused by fire.

The defendant's evidence explained in detail what was done with Senarski's automobile at each step of the work. He testified that when the motor was started after the flushing oil was put into the crank case by the Graco Vitalizer, it was operated at idling speed and that everything that was done was done in the usual and ordinary way in working on Senarski's automobile and that he did all that could be done after the fire was discovered.

When the defendant rested his case, he had met every legal requirement necessary to place upon the plaintiff the duty to proceed with evidence to establish that whatever loss was suffered by the fire was the proximate result of defendant's negligence as alleged in its petition. This, the plaintiff failed to do, so that as a matter of law the defendant was entitled to a judgment on the state of the record when both parties rested.

For the foregoing reasons the judgment is reversed and final judgment entered for the defendant. Exc. Order see journal.

HURD, J, THOMPSON, J, concur.